# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANTHONY LIDDELL, JR., <br><br> Plaintiff, <br> v. <br><br> RACINE COUNTY CLERK OF COURTS, STATE OF WISCONSIN, CIRCUIT COURT ACCESS DATABASE, and DEPARTMENT OF CORRECTIONS, <br><br> Defendants. | Case No. 17-CV-565-JPS <br><br> **ORDER** |

Plaintiff, who is currently incarcerated at Dodge Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $15.77. *See* 28 U.S.C. § 1915(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on January 15, 2017, the Wisconsin Department of Corrections ("WDOC") falsely imprisoned him in the Racine County Jail after a string of events involving clerical errors in his criminal record that are apparently the fault of the Racine County Clerk of Court and the Circuit Court Access Database. The first error involves violations he says he did not commit, and the second involves a charge he says was dismissed.[1] These

---

[1]Plaintiff has not provided a Wisconsin circuit court case number for the entries he believes are erroneous. He only supplies date ranges: April 12 to 18, 2012 for the violations he says he did not commit and October 22, 2015 to May 9, 2016 for the charge he says was dismissed. (Docket #1 at 2-3). Without a case citation, and because Plaintiff's criminal history in the Wisconsin circuit courts is voluminous, the Court is unable to locate the allegedly erroneous entries about

errors, he says, are defamatory and have proven a barrier to his "freedom and employment." (Docket #1 at 3). Apparently, an erroneous portion of Plaintiff's criminal record was referenced by probation agent Mike Emmerich ("Emmerich"), who is not named as a defendant, when Emmerich sought to have Plaintiff re-confined in the Racine County Jail. Plaintiff states that "[t]he agent was not truthful during the preliminary when he told public defender Shelia Smith, [magistrate] Jason Lubetke and the Plaintiff that the battery, child abuse, endanger safety was not a charge on file nor was it being used against the Plaintiff. Agent states that 'the questioned child neglect is just an example of guidelines that we use.'" (Docket #1 at 3-4). Plaintiff mentions the due process clauses of the Fourteenth and Fifth Amendments as sources of the constitutional rights implicated here.

Plaintiff subsequently filed two "supplements" to his complaint in which he appears to withdraw his claim under the Fourteenth Amendment but add claims under the First, Sixth, Seventh, and Ninth Amendments. (Docket #9 and #11). The only additional fact alleged in these supplements is that every grievance Plaintiff files gets dismissed. (Docket #9 at 1).

Plaintiff seeks as relief compensatory and punitive damages, as well as the removal from his criminal record of a charge that he claims has been dismissed. (Docket #1 at 4). He also demands that "clerks not . . . neglect

---

which Plaintiff complains. However, the Court notes that publicly available records do not show a criminal case filed against Plaintiff in Wisconsin in April 2012. There is a record for a case filed on October 23, 2015, Racine County Case No. 2015CF1551, and it shows that "[o]ne or more charges in this case were dismissed. The dismissed charges were not proven and have no legal effect. Anthony T. Liddell, Jr. is presumed innocent of the dismissed charges." *See* https://wcca.wicourts.gov.

their duties" and that a cross-reference system be implemented to prevent future clerical errors related to criminal records. *Id.*

Setting aside the procedural defects in Plaintiff's piecemeal submissions, Plaintiff's complaint, even when liberally construed to include all supplements, suffers from fatal defects. The first relates to immunity.

The Eleventh Amendment bars a suit against a state, in federal court, regardless of the relief sought, unless Congress has overridden the state's immunity or the state has waived it. *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999). Section 1983 does not abrogate Wisconsin's Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Nor has Wisconsin waived its immunity. *Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 677 (E.D. Wis. 1999). Therefore, Plaintiff's claim against the State of Wisconsin is barred by the Eleventh Amendment.

Next, Eleventh Amendment immunity extends to state or governmental entities that are considered "arms of the State." *Will,* 491 U.S. at 70. As a state agency, defendant WDOC enjoys the state's Eleventh Amendment immunity from federal lawsuits. *Alvarado-Reyes v. Reynolds*, No. 14-CV-101-WMC, 2015 WL 901826, at *2 (W.D. Wis. Mar. 3, 2015); *see also Kroll v. Board of Trustees of Univ. of Ill.,* 934 F.2d 904, 907 (7th Cir. 1991). Like his claim against the State of Wisconsin, Plaintiff's claim against WDOC is also barred.

Plaintiff next names as a defendant the "Circuit Court Access Database," which he says is also known as "CCAP." (Docket #1 at 2). "CCAP" is an acronym for Wisconsin's Consolidated Court Automation Programs, "a case management system" that "provides public access online to reports of activity in Wisconsin circuit courts for those counties that use

CCAP. Circuit court employees enter all CCAP data in the county where the case files are located, and the information feeds into the statewide access system." *State v. Bonds*, 717 N.W.2d 133, 138 (Wis. 2006). The Wisconsin Circuit Court Access website, *see https://wcca.wicourts.gov/index.xsl*, is the portal "through which all CCAP reports can be accessed by the public." *Id.*

CCAP itself, then, is not a "person" who can be sued under Section 1983; it is a computer system. Even if the Court liberally construes Plaintiff's claim as one against the State of Wisconsin, which maintains the CCAP system, *see LeMoine v. Milwaukee County*, 132 F. App'x 53, 53–54 (7th Cir. 2005), Plaintiff's claim cannot survive. As explained above, a claim brought in federal court against the State of Wisconsin is barred by the Eleventh Amendment.

The only named defendant not protected by immunity under the Eleventh Amendment is the Racine County Clerk of Court (the "Clerk"), but the Plaintiff fails to state a claim against the Clerk under Section 1983. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). The only allegation that arguably involves the Clerk is that there is an error on Plaintiff's criminal record, and presumably Plaintiff believes the Clerk had something to do with causing that error to appear (or remain) on CCAP. At best, these allegations could form the basis for a negligence or defamation claim, but such a claim would arise under state, not federal, law. The allegedly erroneous CCAP entries do not implicate any constitutional protections. Plaintiff's remedy for the Clerk's error, if any, must be pursued in state court.

Finally, Plaintiff mentions in his allegations probation agent Emmerich, but does not name him as a defendant. Even a *pro se* prisoner's complaint must comply with Federal Rule of Civil Procedure 10(a) by including the names of all parties in the title of the action. *Cash v. Marion County Jail*, 211 F. App'x 486, 488 (7th Cir. 2006). "One cannot become a party without being named and served, and without becoming a party, one cannot defend." *Id.* It appears Plaintiff believes the agent's false statements in a court proceeding caused him to be falsely imprisoned. Even if Plaintiff had named Emmerich as a defendant, Plaintiff cannot seek money damages against him for an alleged constitutional violation that led to his incarceration. *Heck v. Humphrey* bars civil damages actions where a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 486-87 (1994). To bring such a claim, Plaintiff must "demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Allowing Plaintiff to amend his complaint to name Emmerich would be purposeless.

Plaintiff has failed to state a claim on which relief can be granted, and therefore his action must be dismissed. 28 U.S.C. § 1915A(b)(1). Generally, courts should grant litigants, especially *pro se* litigants, leave to amend after dismissal of the first complaint "unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (emphasis in original). In this case, the Court finds that allowing Plaintiff to amend his complaint would be futile, because the factual underpinnings of

Plaintiff's alleged injuries cannot form the basis of a claim cognizable under federal law. The Court's dismissal will therefore be with prejudice.[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend his deadline to pay the Initial Partial Filing Fee (Docket #8) be and the same is hereby **DENIED as moot;**

**IT IS FURTHER ORDERED** that Plaintiff's motions for the appointment of counsel (Docket #6 and #10) be and the same are hereby **DENIED;**

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim;

---

[2]A few final matters remain for the Court's attention. First, Plaintiff filed a motion to extend his deadline to pay the Initial Partial Filing Fee, (Docket #8), but that motion was received after the Court received Plaintiff's payment. Plaintiff's motion to extend his payment deadline will be denied as moot. Next, Plaintiff twice requested by motion that he be appointed counsel. (Docket #6 and #10). In support of his motions, Plaintiff states that he has been unable to secure private counsel, though he attaches no evidence of his efforts to that end, and that he lacks knowledge of the law and court policies. Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent the plaintiff if the plaintiff: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Because Plaintiff has not provided evidence that he has made reasonable attempts to secure counsel, the Court will deny his motions.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bona fide arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge